THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : 3:06-CR-73 |
| | : (JUDGE MARIANI) |
| RICKY DENNIS, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is Defendant Ricky Dennis's "Motion to Correct Sentence Under 28 U.S.C. § 2255." (Doc. 220).

On February 21, 2006, a grand jury indicted Ricky Dennis, Luis Perdomo, and Leron McGee on four charges: (1) conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 371; (2) interference with interstate commerce by robbery [hereinafter "Hobbs Act robbery"] in violation of 18 U.S.C. § 1951 and 2; (3) using, carrying, brandishing, and possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) and 2; and (4) possessing and bartering stolen firearms in violation of 18 U.S.C. § 922(j), 924(a)(2) and 2. (Doc. 1).

On January 5, 2007, pursuant to a plea agreement (Doc. 83), Dennis entered a plea of guilty as to Counts 2 and 3 of the Indictment. (Doc. 91). A Presentence Report [hereinafter "PSR"] determined Dennis's sentencing guideline range was 121 to 151 months based on an offense level of 31 and a criminal history category of II. (PSR, at ¶ 74). As

relevant here, the PSR explained that because Defendant pleaded guilty to a violation of Section 924(c), a statutory penalty mandated the imposition of a consecutive term of 84 months. (PSR, at ¶ 37). Dennis filed two objections to the PSR, which were addressed during a presentence conference on April 18, 2007. (PSR Add., at 1-2). The Court sustained Defendant's objection to the four-level increase to his offense level based on his leadership role in the offense. (PSR Add., at 2).

On June 26, 2007, the Court granted a motion for downward departure (Doc. 171), adopted the PSR, and sentenced Defendant. (Doc. 182). Dennis was sentenced on Count 2 to a term of imprisonment of 60 months, followed by three years of supervised release, a special assessment of $100, and to pay restitution of $62,884.01. (Doc. 182). Dennis was additionally sentenced on Count 3 to a term of imprisonment of 84 months to run consecutively to the term imposed on Count 2, followed by five years of supervised release to run concurrently with Count 2, and a special assessment of $100. (*Id.*). Dennis did not file a direct appeal.

On June 24, 2016, Defendant filed a "Motion to Correct Sentence under 28 U.S.C. 2255" based on the Supreme Court's holding in *Johnson v. United States*. 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Doc. 220). In accordance with Standing Order 15-6, counsel was appointed to represent Dennis. (Doc. 222).

On June 29, 2016, the Court ordered the Government to answer Defendant's motion. (Doc. 224). On July 20, 2016, the Government filed an unopposed motion to stay the

proceedings until the Third Circuit decided *United States v. Robinson,* No. 15-1402. (Doc. 226). The motion to stay was granted on July 21, 2016. (Doc. 228).

On September 2, 2016, Defendant began his term of five years of supervised release, set to end on September 1, 2021. (Doc. 229).

On December 21, 2016, Defendant notified the Court that the Third Circuit issued a decision in United States v. Robinson. (Doc. 230). On January 4, 2017, the Court lifted the stay on the proceedings and ordered the parties to submit memoranda of law addressing "whether United States v. Robinson, 2016 WL 7336609 (3d Cir. 2016), and United States v. Galati, 2016 WL 7336610 (3d Cir. 2016), are applicable to [Defendant's] Motion to Vacate." (Doc. 232). Defendant filed a brief on January 20, 2017 (Doc. 235) and the Government filed its brief on February 24, 2017 (Doc. 243).

On June 8, 2017, Defendant moved to stay the case pending the Supreme Court's decisions regarding the petitions for writ of certiorari in *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016) and *United States v. Galati*, 844 F.3d 152 (3d Cir. 2016). (Doc. 246). On June 9, 2017, Defendant's motion to stay was granted. (Doc. 249). On January 19, 2018, the stay was lifted as the Supreme Court denied certiorari in *Robinson* and *Galati*. (Doc. 253).

The parties have fully briefed the Motion to Correct Sentence and it is ripe for decision. For the reasons set forth below, the Court will deny Defendant's Motion. (Doc. 220).

## II. STANDARD OF REVIEW

In pertinent part, 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000) (*abrogated on other grounds by Gonzalez v. Thaler*, 565 U.S. 134 (2012)) (citing *Reed v. Farley*, 512 U.S. 339, 348 (1994); *Young v. United States*, 124 F.3d 794, 796 (7th Cir. 1997)). Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, (1962).

Section 2255 also directs that, in some instances, the court "shall" hold an evidentiary hearing.

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). In *United States v. Booth*, 432 F.3d 542 (3d Cir. 2005), the Court of Appeals for the Third Circuit explained the court's discretion in these matters:

> Although a district court has discretion whether to order a hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255, our caselaw has imposed limitations on the exercise of that discretion. In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Government of the Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir.1989). *See also* R. Governing § 2255 Cases R. 4(b). The District court is required to hold an evidentiary hearing "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.* We have characterized this standard as creating a "reasonably low threshold for habeas petitioners to meet." *McCoy,* 410 F.3d at 134 (quoting *Phillips v. Woodford,* 267 F.3d 966, 973 (9th Cir. 2001)). Thus, the district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief. *Id.* at 131, 134 ("If [the] petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing.").

432 F.3d at 545-46.

As a general rule, the petitioner has the burden of proof in § 2255 proceedings. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir.1977).

### III. ANALYSIS

In his Section 2255 Motion, Defendant relies on *Johnson v. United States* to argue "his consecutive sentence on Count 3 based on 18 U.S.C. § 924(c) violates due process and should be vacated." (Doc. 220, at 2). Specifically, Defendant asserts *Johnson*, wherein the Supreme Court held the residual clause of the Armed Career Criminal Act was unconstitutionally vague, "is applicable to residual clauses found in other contexts, including

5

the residual clause of the definition of crime of violence within 18 U.S.C. § 924(c)(3)(B)." (*Id.* at 3 (citing *Johnson*, 576 U.S. 591)). Defendant further argues that based on the categorical approach a Hobbs Act robbery does not qualify as a crime of violence under the elements clause of Section 924(c) "because it can be accomplished by putting someone in fear of future injury to his person or property, which does not require the use, attempted use, or threatened use of 'violent force.'" (*Id.* at 8).

In a supplemental brief, Defendant states that he "recognizes that this Honorable Court is bound to follow the decision in *Robinson* but wishes to preserve the issue in case of a change in the law." (Doc. 235, at 5). Defendant maintains "the residual clause in Section 924(c) is void for vagueness following *Johnson*," and the Court should only evaluate whether a Hobbs Act robbery qualifies as a crime of violence under the elements clause of Section 924(c) using the categorical approach. (*Id.*). The Government argues in response, "*Robinson* definitively demonstrates that Dennis's Hobbs Act robbery conviction qualifies as a crime of violence." (Doc. 243, at 8).

In accordance with *Robinson*, the Court finds that Dennis's Hobbs Act robbery conviction was a crime of violence pursuant to the elements clause of Section 924(c)(3)(A).

Section 924(c) states that any person who brandishes a firearm during and in relation to any crime of violence shall be sentenced to a term of imprisonment of not less than seven years in addition to the punishment provided for such crime of violence. 18 U.S.C. § 924(c)(1)(A)(ii). A "crime of violence" is defined in the statute as a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B). Subsection A is known as the "elements clause" while Subsection B is known as the "residual clause."

In *Robinson*, the Third Circuit addressed the same issue presented here. A jury convicted Robinson of two counts of Hobbs Act robbery under Section 1951(a) and one count of brandishing a firearm in connection with one of the robberies under Section 924(c). *Robinson*, 844 F.3d at 140. Like Dennis, the defendant in *Robinson* argued a "Hobbs Act robbery is not a crime of violence under the elements clause and that the residual clause is void for vagueness in light of the Supreme Court's decision in *Johnson v. United States*." *Id.* at 141. The Third Circuit declined to apply the categorical approach to determine if Robinson's Hobbs Act robbery was a crime of violence pursuant to the elements clause of Section 924(c). *Id.* The Court held instead that the categorical approach is inapplicable where "the predicate offense, Hobbs Act robbery, and the § 924(c) offense are contemporaneous and tried to the same jury" because "the record of all necessary facts are before the district court." *Id.* "The remedial effect of the 'categorical' approach is not necessary." *Id.*

The Court further held:

> We conclude that analyzing a § 924(c) predicate offense in a vacuum is unwarranted when the convictions of contemporaneous offenses, read

7

> together, necessarily support the determination that the predicate offense was committed with the use, attempted use, or threatened use of physical force against the person or property of another."

*Id.* at 143.

While Robinson's counsel was able to envisage a number of scenarios where a Hobbs Act robbery could be committed without using or threatening to use force, the Court emphasized the importance of the fact that the defendant was convicted of these two offenses contemporaneously:

> In addition to being convicted of Hobbs Act robbery, Robinson was convicted of brandishing a firearm while committing a Hobbs Act robbery. The question, therefore, is not "is Hobbs Act robbery a crime of violence?" but rather "is Hobbs Act robbery *committed while brandishing a firearm* a crime of violence?" The answer to this question must be yes.

*Id.* at 144 (emphasis original).

Because the Third Circuit found the defendant's Hobbs Act robbery combined with his Section 924(c) convictions were necessarily crimes of violence under the elements clause, the Court did not address Robinson's challenge to the constitutionality of the residual clause under Section 924. *Id.* at 141.

The Third Circuit has maintained this approach since *Robinson*, consistently finding a concurrent conviction for a Hobbs Act robbery qualifies as a "crime of violence" under the elements clause of Section 924(c). *See, e.g., United States v. McKelvey*, 773 F. App'x 74 (3d Cir. 2019); *United States v. Young*, 705 F. App'x 94 (3d Cir. 2017); *United States v. White*, 678 F. App'x 80, 82 (3d Cir. 2017).

8

*Robinson* forecloses Defendant's argument in this case. Defendant Dennis pleaded guilty to the same contemporaneous crimes as the defendant in *Robinson*—a Hobbs Act Robbery and brandishing a firearm while committing a Hobbs Act robbery. Defendant was thus necessarily convicted of a crime of violence pursuant to the elements clause and was subject to a consecutive sentence as mandated by Section 924(c). Having found Dennis's consecutive sentences were proper, the Court does not need to address Defendant's argument regarding the constitutionality of the residual clause of Section 924(c)(3)(B). *See United States v. Galati,* 844 F.3d 152, 155 (3d Cir. 2016); *United States v. Kennedy,* 720 F. App'x 104, 110 (3d Cir. 2017).

In his supplemental brief, Defendant requests that "the Court consider issuing a certificate of appealability so that the Third Circuit may review the issues in light of the above arguments and the potential rehearing in *Robinson* and *Galati.*" (Doc. 235, at 11 n.3). The right to appeal the denial of a Section 2255 motion is governed by the requirements of Section 2253(c). 28 U.S.C. § 2253(c)(1)(B). Section 2253 also provides "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003).

Here, Defendant has not demonstrated that he is entitled to a certificate of appealability. Jurists of reason would not disagree with this Court's resolution of Defendant's constitutional claim as the case is nearly identical to the claim rejected by the Third Circuit in *Robinson*. Accordingly, a certificate of appealability will not be issued.

## IV. CONCLUSION

For the foregoing reasons, this Court will deny Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (Doc. 220) as set forth in this Memorandum Opinion. A separate Order follows.

Robert D. Mariani
United States District Judge